SIMONE BERTOLLINI
Attorney ID: NJ046
609 Franklin Ave
Nutley, NJ 07110
Tel: (973) 750-8922
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR MICHAEL III ASIS ABRINA,<br>A# 116507637<br>1002D NE 112th St, Seattle, WA 98125<br><br>    Plaintiff,<br>  v.<br><br>KIKA SCOTT,<br>111 Massachusetts Ave,<br>Washington, DC 20529;<br>LORY C. TORRES,<br>300 North Los Angeles St., CA 90012;<br><br>    Defendants. | Case No. 1:25-cv-1354<br><br>**COMPLAINT** |

Plaintiff, OSCAR MICHAEL III ASIS ABRINA ("Mr. Abrina"), is a software development engineer from the Philippines that filed an I-485 application for adjustment of status with USCIS last June 2023. The I-485 was premised on an immigrant visa petition sponsored by Amazon. Last February 7, 2024, Mr. Abrina filed a timely response to a Request for Evidence issued by USCIS. Nonetheless, USCIS denied the I-485 claiming that he failed to respond to their Request for Evidence. USCIS simply refused to adjudicate Plaintiff's application on the merits. This appeal followed.

## JURISDICTION

This action arises under the United States Constitution and the statutes of the United States, including the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory relief) and may review Defendants' actions or omissions under the APA, 5 U.S.C. § 555, 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361.

## VENUE

Venue is properly laid in the District of Columbia under 28 U.S.C. § 1391(e), because it is a judicial district wherein a defendant in the action resides.

## PARTIES

Plaintiff, OSCAR MICHAEL III ASIS ABRINA, a citizen of the Philippines, residing at 1002D NE 112th St, Seattle, WA 98125.

Defendant, KIKA SCOTT, the Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, residing at 111 Massachusetts Ave., Washington, DC 20529, which is responsible for the overall oversight of the agency and to oversee, interpret, and enforce the INA.

LORY C. TORRES, the Director of the U.S. Citizenship and Immigration Services, Los Angeles Field Office, residing at 300 North Los Angeles St., CA 90012, which is

ultimately responsible for the adjudication of applications for adjustment of status pending with the Los Angeles Field Office.

## STATEMENT OF FACTS

1. Mr. Abrina is a citizen of the Philippines that first entered the United States on an F-1 Visa on or about August 2014.

2. Mr. Abrina later obtained both a bachelor's degree in computer engineering and a master's degree in electrical engineering from the University of Southern California.

3. Mr. Abrina is the beneficiary of an approved I-140 Immigrant Petition for Alien Worker filed by his employer, Amazon.com Services LLC.

4. On June 16, 2023, Mr. Abrina filed an I-485 application for adjustment of status with USCIS based on the approved I-140 petition.

5. On November 14, 2023, the USCIS, Los Angeles Field Office, issued a Request for Evidence ("RFE") in connection to the pending I-485, and directing Mr. Abrina to respond on or before February 9, 2024.

6. On February 7, 2024, Mr. Abrina submitted an RFE response to the Los Angeles Field Office.

7. On March 19, 2024, the USCIS, Los Angeles Field Office, denied the I-485 application claiming that Mr. Abrina abandoned his I-485 application for failure to submit a response to the RFE.

8. Notably, U.S. postal service records show that Mr. Abrina's envelope was delivered to USCIS on February 7, 2024. This envelope certainly reached USCIS, as shown in a set of documents produced by USCIS in response to a Freedom of Information Act request made subsequently by Mr. Abrina.

9. Mr. Abrina, through his attorney, tried to contact USCIS multiple times to request a case review based on USCIS error.

10. It is unclear whether such administrative review is currently taking place but, to date, Mr. Abrina's I-485 application is denied and closed.

11. USCIS arbitrarily refused to make a good-faith adjudication of Mr. Abrina's application for adjustment of status.

12. USCIS has a mandatory, non-discretionary duty to adjudicate applications and petitions in good faith.

## EXHAUSTION OF REMEDIES

13. Plaintiff has exhausted the administrative remedies to the extent required by law and his only remedy is by way of this judicial action.

## EQUAL ACCESS TO JUSTICE ACT

14. If he prevails, Plaintiff will seek attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## CLAIMS FOR RELIEF

### COUNT ONE
Arbitrary and Capricious Agency Decision
(5 U.S.C. § 706)

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above as if set forth here in full.

16. Under the Administrative Procedure Act, a federal court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

17. The I-485 denial decision was arbitrary and capricious because Mr. Abrina timely responded to the RFE and **did not** abandon his I-485 application.

18. The I-485 denial decision was arbitrary and capricious because USCIS ignored the documents that Mr. Abrina submitted in response to the RFE.

19. The I-485 denial decision was arbitrary and capricious because it does not amount to a good-faith adjudication of the I-485 application on the merits.

20. The I-485 denial decision is not the product of agency expertise.

### COUNT TWO
Writ of Mandamus
(28 U.S.C. § 1361)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above as if set forth here in full.

22. The Mandamus Act, 28 U.S.C. § 1361, provides that District Courts shall have

jurisdiction over any action in the nature of mandamus and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to a petitioner.

23. Plaintiff's claims as set forth in paragraphs 1 through 20 above qualify for mandamus relief because the statutory and Constitutional claims are clear, Defendants' duties are not in doubt, and no other adequate legal remedy is available.

## COUNT THREE
Declaratory Judgment
(28 U.S.C. § 2201)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above as if set forth here in full.

25. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, provides the Court with the authority to declare the rights and other legal relations of any party.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, OSCAR MICHAEL III ASIS ABRINA, prays that this Court grant the following relief:

a) Assume jurisdiction over this matter;

b) Declare that Defendants' actions violated the APA and Plaintiff's rights under the INA, the Code of Federal Regulations, and the U.S. Constitution;

c) Hold unlawful and set aside the I-485 denial decision pursuant to 5 U.S.C. § 706(2);

d) Issue a Writ of Mandamus compelling USCIS to reopen and adjudicate Plaintiff's I-485 application for adjustment of status on the merits;

e) Award Plaintiff reasonable costs and attorneys' fees; and

f) Grant any other and further relief which this Court deems just and proper.

Dated: May 5, 2025                                       Respectfully submitted,

s/ *Simone Bertollini*_____
SIMONE BERTOLLINI, ESQ.
Attorney ID: NJ046
609 Franklin Ave
Nutley, NJ 07110
Tel: (973) 750-8922
simone.bertollini@gmail.com
*Attorney for Plaintiff*